## ARGUED AND DETERMINED

IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT CASSVILLE,

### MARCH TERM, 1847.

No. 38.—DANIEL NEISLER, WESLEY H. STANSELL and SIMPSON REID, plaintiffs in error *vs.* LORENZO D. SMITH, defendant in error.

[1.] In this State a verdict for the defendant in an equity cause, on the first trial thereof, does not operate as a dissolution of the injunction granted therein, as a *matter of course*, where an appeal is entered from such verdict in accordance with the provisions of the Act of 1843.

This was a bill in equity for discovery, relief and injunction to stay waste. In Union Superior Court. Tried before Judge WRIGHT. September Term, 1846.

Upon this trial, which was the first had in the case, the jury rendered a general finding against the defendant, from which the plaintiffs in error, who were complainants in the bill, entered an appeal in terms of the statute in such cases.

The counsel for the defendant moved the Court below to dissolve the injunction, on the ground that the finding of the jury was in his favour; to which the counsel for the complainants objected, because the verdict of the jury had just been entered on the minutes of the court, and they had not had time to enter an appeal, that the clerk had not had time to make out the bill of costs for that purpose, and that they intended appealing immediately.

The Court below allowed the motion, and passed an order dissolving the injunction on the ground *alone*, that the injunction was gone as a matter of course, upon the finding of a verdict in favour of the defendant, notwithstanding the right of the parties to appeal.

34

The order of the Court was as follows:—" *In the above stated case, the answer being full, and not excepted to, and the jury having found for the defendant, upon the bill and answer, the exhibits and proofs ; it is therefore, on motion of counsel for defendant, ordered that the injunction be, and the same is, and stands dissolved.*"

To which decision the counsel for the complainants excepted, and insisted that the finding of a verdict in favour of the defendant on the first trial, when an appeal is entered, is not sufficient cause to dissolve an injunction to stay waste.

Wм. Martin, for the plaintiffs in error made the following points:

First. The injunction is not of *course* dissolved upon the master reporting the answer sufficient ; but it is at the discretion of the court. *Eden on Inj.* 74.

Second. When dissolving the injunction would in effect be deciding the cause, the injunction will not be dissolved. *Eden on Inj.* 86.

Third. A bill may be amended and afterwards an injunction applied for. *Eden on Inj.* 87, 88. So, if new testimony be discovered.

Fourth. Appeals stay trials in those cases only where the parties cannot be set to rights. *Eden on Inj.* 229, 230.

Fifth. If the answer admit the waste, the injunction will be continued until the hearing, (final hearing of course.) *Eden on Inj.* 237.

Sixth. An appeal re-instates the injunction. 3 *Bar. & Har.* 195.

Seventh. The Court should exercise discretion as to the dissolution of the injunction. 3 *Bar. & Har.* 196.

Wм. H. Underwood, for the defendant in error made the following points:—

First. When the answer is full, and the equity of the bill denied, an injunction will be dissolved. *Eden on Inj.*

Second. When a verdict of a jury is in favour of the defendant, the injunction shall be dissolved on motion, notwithstanding an appeal. The court will not retain an injunction upon the mere possibility that a decree in favour of the defendant may be reversed.

Third. Upon appeal in England an injunction stands dissolved. In this country it will be dissolved on motion. 15 *Ves. Jr.* 184 ; 16 *Ves. Jr.* 216, 217, 386 ; 3 *John. Ch. R.* 67 ; 1 *Ibid.* 77, 352 ; 1 *Ves. & Beames*, 506.

Neisler, Stansell and Reed *vs.* Smith.

*By the Court*—Warner, J. delivering the opinion.

In this case it appears, a motion was made to dissolve the injunction granted to stay waste, on the ground that the jury, on the first trial of the cause, had returned a verdict for the defendant. The counsel for the complainants in the bill, resisted the motion to dissolve, on the ground that they were entitled, under the statute, to another trial on the appeal, before another jury; and that they had not had time to enter an appeal, the verdict of the jury having just been returned. The record discloses the fact, that an apppeal was entered by the complainants in the bill, as provided by the statute. The Court below, however, was of the opinion that the finding of the jury, upon the *first trial* of the cause for the defendant, operated as a dissolution of the injunction as a matter of course, and granted the motion to dissolve it; to which decision of the Court the complainants excepted, and now assign the same for error in this Court.

By the *Act of* 1799 it is declared, "in case either party shall be [1.] dissatisfied with the verdict of the jury, then, and in all such cases, either party may, within four days after the adjournment of the court in which such verdict was obtained, enter an appeal in the clerk's office of such court as *matter of right;* provided the person so appealing shall, previous to obtaining such appeal, pay all costs which may have arisen on the former trial, and give security for the eventual condemnation money, except executors and administrators, who shall not be compelled to give security." *Hotchkiss,* 600. By the constitution and laws of this State, equity causes, after the same have been set down for trial, are to be tried by a special jury. The *Act of* 27th *December,* 1843, declares, "in all cases hereafter to be tried in the Superior Courts of this State, on the equity side thereof, either party who may be dissatisfied with the verdict of the jury, may enter an appeal in like manner, and under the same limitations and conditions, as are prescribed in cases at common law, which appeal shall be tried by a special jury, under the provisions governing common law cases." *Hotchkiss,* 682. If the jury had returned a verdict for the defendant on the *final hearing* of the cause, the injunction would have deen dissolved, as a matter of course; but in this case the verdict for the defendant was on the *first* trial, and the complainants were entitled to another trial, before another special jury, as a *matter of right,* before the allegations in their bill were finally adjudicated. They had the right to

introduce additional testimony in support of their case, to contradict or explain the defendant's testimony offered on the first trial, and possibly might have desired to impeach the defendant's witnesses on the second trial of the cause, so as to have secured a verdict in their favour. The defendant is indemnified by security for the eventual condemnation money in the cause. If it was necessary that the injunction should have been granted to stay waste until the *first trial* of the cause, the same necessity would seem to exist in favour of its continuance until the *second trial*, to which the party was entitled as a matter of right, under the statute. No reason has been assigned by the Court below, nor does any appear from the record, why the injunction ought not to be continued in the cause until the final hearing. We do not pretend to say a motion might not be properly made to dissolve an injunction, at any stage of the case, upon sufficient cause shown, and that the Court would be authorized to exercise its discretion in relation thereto; but we are of the opinion that the finding of the verdict for the defendant on the *first* trial of a cause, does not, under our practice, operate as a dissolution of the injunction as a *matter of course*, as was ruled by the Court below. The judgment of the Court below must therefore be reversed.